UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DISTRICT
AT PIKEVILLE

CIVIL ACTION NO. 12-115-WOB-CJS

ARILEY WEDZEL LANEY                                                      PLAINTIFF

v.                          REPORT AND RECOMMENDATION

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY[1]                              DEFENDANT

* * * * * * * * * *

Plaintiff Ariley Wedzel Laney brings this action under 42 U.S.C. § 405(g) challenging

Defendant Commissioner's final decision denying his application for benefits under Title XVI and

Title XIX of the Social Security Act. This matter has been referred to the undersigned for

preparation of a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). (R. 3). At issue is

whether the Administrative Law Judge (ALJ) erred in finding Plaintiff "not disabled" and therefore

not entitled to benefits. As explained below, the ALJ's decision was supported by substantial

evidence. It will therefore be **recommended** that Plaintiff's Motion for Summary Judgment (R.11)

be **denied** and Commissioner's Motion for Summary Judgment (R.12) be **granted.**

I.      STANDARD OF REVIEW AND THE ADMINISTRATIVE PROCESS

In reviewing the decision of an ALJ in social security cases, the only issues before the

reviewing court are whether the ALJ applied the correct legal standards and whether the decision is

supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir.

2009). The findings of the Commissioner are not subject to reversal merely because there exists in

---

[1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

the record substantial evidence to support a different conclusion. *Blakley*, 581 F.3d at 406. "The

substantial-evidence standard . . . presupposes that there is a zone of choice within which the

decisionmakers can go either way, without interference by the courts." *Id*. (citing *Mullen v. Bowen*,

800 F.2d 535, 545 (6th Cir. 1986)). Thus, even if the evidence could also support another

conclusion, the decision of the ALJ must stand if the evidence could reasonably support the

conclusion reached. *Id*. (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

In this case, Plaintiff must establish that he is disabled within the meaning of the Social

Security Act in order to qualify for benefits. 42 U.S.C. § 423(a)(1). The Act defines "disability" as

the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Act requires the Commissioner to follow a five-step process when

making a determination on a claim of disability. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801,

803-04 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); *Heston v.*

*Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). First, a claimant must demonstrate that he

is not currently engaged in "substantial gainful activity." *Vance*, 260 F. App'x at 803 (citing 20

C.F.R. §§ 404.1520(b)). Second, if the claimant is not engaged in substantial gainful activity, he

must demonstrate that he suffers from a severe impairment. *Id*. at 803-04. "A 'severe impairment'

is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" *Id*. at

804 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)). Third, if the claimant is not performing

substantial gainful activity, has a severe impairment that is expected to last for at least twelve

months, and the impairment meets or equals a listed impairment located at 20 C.F.R. pt. 404, subpt.

P, app'x 1, then the claimant is presumed disabled regardless of age, education or work experience. *Id*. (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)).  Fourth, the claimant is not disabled if his impairment(s) does not prevent him from doing his past relevant work, or if he can perform other work existing in the national economy.  *Id*. (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was fifty-one years old at the time of the ALJ's decision and has a high school education.  (Administrative Record [A.R.] 37).  Plaintiff has past relevant employment as a welder of automobile parts and as an ambulance attendant, but has not been employed since he was incarcerated in 1999.[2]  (*Id*. at 40).  Plaintiff asserts that his disability is caused by several conditions including chronic pain in his lower back, shoulders, and knees.  (*Id*. at 40-49, 158).  Plaintiff also alleges that he has stomach pain associated with an ulcer, breathing problems, and has had two strokes.  (A.R. at 52).  In addition, Plaintiff testified that he has difficulty sitting still, bending over, sleeping, or  standing for any length of time.  (*Id*. at 46, 52-54).  Plaintiff is taking medication for his high cholesterol and arthritis. (*Id*. at 44-45).

Plaintiff filed his application of Supplemental Security Income (SSI) on June 30, 2010, alleging disability since July 21, 2008.[3]  (*Id*. at 16, 143).  The Commissioner denied this application initially on October 21, 2010, and again upon reconsideration on January 25, 2011.  (*Id*. at 69-76, 80-97).  Plaintiff requested a hearing, which was held before the ALJ, via video conference, on

---

[2]Plaintiff was incarcerated until November 2009.  The Social Security Act provides that Plaintiff is not entitled to benefits during the period of his incarceration.  *See* 42 U.S.C. § 402(x)(1)(A)(i).

[3]While Plaintiff alleges disability beginning in July 2008, pursuant to 20 C.F.R. § 416.335, SSI benefits are payable starting the month following the day in which the application was filed.  Thus, Plaintiff is not eligible for SSI benefits prior to July 2010.

January 5, 2012. (*Id*. at 31-64). During this hearing the ALJ heard testimony from Plaintiff and a vocational expert. (*Id*.). After receiving the testimony and reviewing the record, the ALJ issued a written decision on March 9, 2012, finding Plaintiff was not disabled. (*Id*. at 16-24).

The ALJ used the five-step sequential process to determine that Plaintiff was not disabled. (*Id*. at 16-24). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful employment activity since June 30, 2010, the application date. (*Id*. at 18). At step two, the ALJ determined that Plaintiff has severe impairments of a history of chronic lumbar sprain/strain, chronic obstructive pulmonary disease, and malnutrition. (*Id*. at 18). As part of his analysis, the ALJ considered Plaintiff's high cholesterol and reported history of ulcers, but noted that the records indicated that Plaintiff's high cholesterol is controlled with medication, and that there is no treatment history for ulcers or stroke.[4] At step three, the ALJ specifically considered whether Plaintiff's musculoskeletal, respiratory or digestive conditions satisfied the listing requirements for disorders under Listing 1.00, 3.00, and 5.00 respectively and concluded that those listings were not met. In addition, the ALJ found that while claimant has several conditions resulting in "severe" physical impairments, the record did not establish Plaintiff has an impairment or combination of impairments that equaled in severity any relevant listing under the applicable Federal Regulations. (*Id*. at 19).

At step four, the ALJ considered the evidence and determined that Plaintiff has the residual functioning capacity (RFC) to perform a reduced range of light work stating, "claimant has the residual functional capacity to perform lift/carry 20 pounds occasionally and 10 pounds frequently;

---

[4]The ALJ's decision recites that he found Plaintiff's poor vision and cataracts to be a severe impairment; however, this appears to be a typographical error. Such a finding would be inconsistent with the ALJ's statements as to the lack of medical treatment for vision problems. Poor vision and cataracts were not identified as a severe impairment in the ALJ's listing of severe impairments (R. 18-19), nor does Plaintiff argue in this appeal that they should have been included.

occasionally climb ramps, stairs, ladders, ropes, or scaffolds; and occasionally stoop, kneel, crouch, or crawl." (*Id.* at 19). The ALJ heard testimony from an impartial vocational expert (VE) who stated that based on the RFC provided by the ALJ, Plaintiff could not perform any past relevant work. (*Id.* at 59-64). The ALJ proceeded to step five and adopted the VE's opinion that given the stated RFC there are other jobs in the national economy that Plaintiff would be able to perform, including light, unskilled occupational duties. (A.R. at 23-24). Specifically, the ALJ found that the Plaintiff is able to perform duties as kitchen helper, laundry worker, machine monitor, small parts assembler, and product grader/sorter. (*Id.* at 24). Accordingly, the ALJ determined that Plaintiff was not "disabled" for social security purposes. (*Id.*).

Plaintiff appealed the ALJ's decision to the Appeals Council. (R. 11). While the appeal was pending, Plaintiff submitted new evidence demonstrating that in June 2012 he was diagnosed with invasive adenocarcinoma of the colon (rectal cancer). (A.R. 309-65). The new medical records demonstrate that Plaintiff was referred for further evaluation of liver lesions, potential metastasis and for staging. (*Id.* at 309, 321). The record reflects that Plaintiff filed a new claim for benefits for this new diagnosis, which the Commissioner reports has been approved. (A.R. 8; R. 12 at 3). The Appeals Council considered the new evidence with respect to the claim at issue here and found that the new evidence did not provide a basis to change the ALJ's decision. Accordingly, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's March 9, 2012, decision denying Plaintiff benefits the final decision of the Commissioner. (A.R. 1-4).

On October 9, 2012, having exhausted his administrative remedies, Plaintiff filed the within Complaint, asserting that the ALJ's decision was erroneous. The Plaintiff has filed a Motion for Summary Judgment arguing that the ALJ's RFC determination was not supported by substantial

5

evidence and that the medical evidence supports a finding that he is capable of no more than sedentary work, thus meeting Grid Rule 201.14 requiring a finding that he is disabled.  Plaintiff further argues that the Appeals Council erred in not finding him disabled upon review of the new evidence of his cancer diagnosis.  (R. 11).

III.    ANALYSIS

        A.    **The ALJ's Residual Functional Capacity Determination was Supported by Substantial Evidence.**

While Plaintiff's motion relies heavily on the post-decision medical records of his cancer diagnosis, he also implies that the ALJ's RFC determination was not supported by substantial evidence.  In making this argument, Plaintiff suggests that the limitations found by his consultative examiner Dr. McEldowney would limit Plaintiff to sedentary work and, if so limited, he would be disabled under Grid Rule 201.14 of the Medical-Vocational Guidelines found in 20 C.F.R. pt. 404, subpt. P, app. 2, tab. 1.[5]

The ALJ articulated the reasons he gave Dr. McEldowney's RFC assessment limited weight. Specifically, the ALJ explained:

> A consultative examiner hired by claimant (and whose report was submitted post-hearing), Dr. McEldowney, opined the claimant lift/carry less than 10 pounds occasionally and frequently; stand/walk at least two hour[s] out of an eight hour workday; sit about six hours out of an eight hour workday; limited push/pull of upper and lower extremities; never climb ramps, stairs, ladders, ropes, or scaffolds; occasionally balance, kneel, crouch, crawl, and stoop; occasional reaching all directions and handling (gross manipulation); limited seeing; and limited exposure to vibration and hazards such as machinery and heights (Exhibit 6F).  The claimant's consultative examiner opined the claimant is "permanently and totally disabled for all types of employment." (Exhibit 6F/p5).  The claimant's treating physician opined the claimant was totally disabled on May 8, 1999 (Exhibit C-5F).  A determination

---

[5]Grid Rule 201.14 of the Medical-Vocational Guidelines, dictates a finding of disability in the absence of transferrable skills for a person age 50 to 54 who is a high school graduate, is limited to sedentary work, and has no direct entry into skilled work.  20 C.F.R. pt. 404, subpt. P, app. 2, tab. 1.

as to whether the claimant is disabled or unable to work is an issue reserved to the Commissioner.  Opinions as to disability will not be given controlling weight (20 C.F.R. §§ 404.1527 and 416.927 SSI, and SSR 95-5p).  Further the undersigned gives little weigh[t] to Dr. McEldowney's residual functional capacity opinion because it is inconsistent with the overall objective evidence of record.  Dr. McEldowney noted the claimant had normal gait, some tenderness and decreased muscle tone of the lumbar spine, some weakness of the upper extremities, and decreased handgrip but normal functioning of the hands (Exhibit 6F).  Further, another consultative examiner noted the claimant had normal gait, muscle strength, and straight leg raise testing; decreased range of motion of the lumbar spine; no sensory abnormalities; normal reflexes; and crepitus of the shoulders (Exhibit 3F).  The above findings do not limit the claimant to less than sedentary work activity.

(A.R. at 22).  The ALJ also reviewed the other consultative examiners' opinions and found that nothing in Plaintiff's clinical signs suggested that the exertional and non-exertional limitations for a limited range of light work were unreasonable.  The ALJ adopted the RFC of Dr. Reed, finding it more consistent with the evidence of record.

Thus, the ALJ determined that Dr. McEldowney's opinion was inconsistent with the overall medical evidence within the record.  (*Id.*).  Specifically, the ALJ pointed to Dr. McEldowney's own clinical findings of "normal gait, some tenderness and decreased muscle tone of the lumbar spine, some weakness of the upper extremities, and decreased handgrip but normal functioning of the hands" as supportive of a finding that Plaintiff can perform a range of light work.  (*Id.*).  In addition, the ALJ found Dr. Nutter's consultative examination and Dr. Reed's medical records review did not support Dr. McEldowney's RFC determination.  Although Dr. Reed found that Plaintiff does have some exertional limitations due to his decreased range of motion of the lumbar spine, he found Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, stand 6 hours in an eight-hour day, sit 6 hours in an eight-hour day and occasionally climb ramps, stairs, ladders, ropes and scaffolds, and occasionally stoop, kneel, crouch or crawl.  (R. 86-87).  Dr. Reed found Plaintiff had no manipulative or environmental limitations.  (*Id.*).  The ALJ also considered Plaintiff's activities

of daily living including that he continues to perform odd jobs for his neighbor, washes his dishes and cleans the house.

An ALJ's determination of inconsistency between a physician's opinion and the overall medical evidence is a factual determination made within his discretion. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). As a factual finding, it must be given deference if it is supported by substantial evidence, even if the Court would reach a different conclusion. *Id.* at 876. Here, substantial evidence exists to support the ALJ's finding that Dr. McEldowney's RFC determination is inconsistent with Plaintiff's level of activity and the medical evidence.

In addition, the ALJ performed the proper pain analysis. When a Plaintiff alleges disability based on his subjective complaints, the Plaintiff must (1) present objective medical evidence of an underlying medical condition, and (2) if a medically determinable condition exists, the ALJ must decide if the objective medical evidence confirms the severity of the alleged symptoms arising from the condition or if the condition is of such severity that it could reasonably be expected to give rise to the alleged symptoms. *See* 20 C.F.R. § 416.929; *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

Here, the ALJ reviewed Plaintiff's testimony, medical records, and objective medical evidence from examining physicians and a state agency medical consultant; namely, Drs. Nutter, McEldowney, and Reed. (A.R. at 22). As a result, the ALJ determined that Plaintiff has medical impairments which could reasonably be expected to cause the alleged pain symptoms. After considering the record as a whole, however, the ALJ determined that while Plaintiff's impairments caused some limitation, he was not as limited as he claimed. (*Id.*). Specifically, the ALJ found that

8

the Plaintiff's statements of intensity, persistence and limiting effects were not credible to the extent they are inconsistent with a finding of an ability to perform a reduced range of light work.

The ALJ noted Plaintiff testified that he had been experiencing back pain since 1985, yet he kept working until he was incarcerated in 1999. Plaintiff does not take medication for back pain, has not had any imaging or testing of his back, and has only received minimal treatment for back pain. (A.R. 44-46). The claimant has stomach pain that caused regurgitation, but he testified that as long as he ate several small meals he could keep food down. In addition, claimant testified to extreme shortness of breath, but he does not take medication for his symptoms, and Dr. Nutter found that Plaintiff's breathing was not labored and his lungs revealed no wheezes, rales or rhonchi. In addition, there was no medical evidence to support Plaintiff's claim of a history of strokes.

The ALJ found the Plaintiff's allegations of extreme pain, shortness of breath and history of strokes were not credible in light of the medical evidence and the evidence that Plaintiff was independent in most of his activities of daily living, including being able to perform odd jobs for his neighbor. The ALJ's analysis adequately considered Plaintiff's testimony and statements about his symptoms, the consultant's statements, and the limited medical records. As the ALJ is in the best position to observe a witness's demeanor and to make an appropriate evaluation as to his credibility, *Walters*, 127 F.3d at 531, the ALJ's credibility assessment will not be disturbed "absent compelling reason," which has not been shown in the case at bar. *See Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Thus, the ALJ's RFC finding is supported by substantial evidence.

### B.      The New Evidence does not Require Remand.

The real crux of Plaintiff's motion is that his 2012 cancer diagnosis explains Plaintiff's symptoms of nausea, weight problems and lack of muscle development over the years prior to the

9

hearing of this matter. He argues that the records of his cancer diagnosis should be considered in finding him disabled on the current application. Plaintiff argues that the Appeals Council erred when it failed to take into account the new evidence of Plaintiff's cancer diagnosis when declining to review the ALJ's decision. (R. 11). Plaintiff asserts that had the Appeals Council properly considered the new evidence, it would have reversed the decision of the ALJ and found Plaintiff disabled.

The decision of the Appeals Council to deny review of an ALJ's decision, however, is not a final decision by the Commissioner and therefore is not reviewable by this Court. *See* 42 U.S.C. § 405(g). The Social Security Act allows a claimant to seek judicial review of any "final decision" issued by the Commissioner. *See id.* When the Appeals Council denies a request for review, the decision of the ALJ becomes the final decision of the Commissioner, subject to judicial review. 20 C.F.R. § 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 107 (2000). While a court may consider evidence first submitted to the Appeals Council to determine whether the evidence satisfies the criteria for remand under 42 U.S.C. § 405(g), the court cannot consider the new evidence for purposes of substantial evidence review. *See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Thus, the issue before the Court is whether a sentence six remand is appropriate.

For remand under sentence six of 42 U.S.C. § 405(g), a claimant must show that the evidence submitted to the Appeals Council is new and material, and that the claimant had good cause for not presenting the evidence to the ALJ. *Ferguson*, 628 F.3d at 276. Here, there is no question that the evidence presented is new and that Plaintiff had good cause for not introducing it prior to the ALJ's decision since it did not yet exist. The new evidence, however, must also be material. To

10

demonstrate that the evidence submitted is material, a claimant must show that there is a reasonable probability that the ALJ would have reached a different decision if he had been presented with the new evidence. *Id.* Further, a diagnosis, in and of itself, is insufficient to establish additional limitations. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).

Plaintiff argues, without supporting evidence or documentation, that his rectal cancer, diagnosed in June of 2012, was the cause of Plaintiff's symptoms for the years prior to the administrative hearing, presumably from the alleged onset date of July 21, 2008. (R. 11). Plaintiff's claim, however, is purely speculative as the new medical records do not offer a retrospective assessment of Plaintiff's functional limitations prior to his cancer diagnosis, and do not establish the stage of Plaintiff's cancer or whether it had metastasized. In addition, the diagnosis of rectal cancer does not evidence whether Plaintiff's subjective complaints and limitations at the time of the ALJ's decision were, in fact, due to a cancerous condition. Thus, the new evidence is immaterial to the appropriate time period at issue here.

Even if the Plaintiff's condition had gotten worse after the ALJ's decision, this has no bearing on the substantial evidence supporting the ALJ's findings regarding the condition prior to the decision. *See Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992). Specifically, the new medical evidence does not demonstrate that Plaintiff was suffering from rectal cancer during the relevant time period. Without some basis to tie the rectal cancer to the period for which benefits were denied, there is no basis to find that the new medical evidence would have changed the ALJ's prior decision for the relevant period. Accordingly, the new evidence of Plaintiff's 2012 cancer diagnosis is not material to the time period at issue in this claim and thus does not require remand.

**IV.    CONCLUSION AND RECOMMENDATION**

As explained above, the ALJ's decision is supported by substantial evidence and should be affirmed. Accordingly, **IT IS RECOMMENDED** that:

1.    The Commissioner's decision be found to be supported by substantial evidence and therefore **AFFIRMED;**

2.    Plaintiff's Motion for Summary Judgment (R. 11) be **DENIED;**

3.    Defendant's Motion for Summary Judgment (R. 12) be **GRANTED;** and,

4.    This matter be **STRICKEN** from the active docket of the Court.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir.), *aff'd*, 474 U.S. 140 (1985).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  *See* Fed. R. Civ. P. 72(b).

Dated this 30th day of April, 2013.



Signed By:

*Candace J. Smith*

United States Magistrate Judge

G:\DATA\social security\12-115 Laney R&R final.wpd